# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGDALENO MEDINA, JR., <br><br>Petitioner, <br><br>v. <br><br>ANDRE MATEVOUSIAN, <br><br>Respondent. | Case No. 1:15-cv-01341-DAD-EPG-HC <br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS <br><br>(ECF No. 18) |

Petitioner Magdaleno Medina, Jr. is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the instant petition, Petitioner challenges the sentence imposed by the United States District Court for the Northern District of Texas in light of Johnson v. United States, 135 S. Ct. 2552 (2015). As this Court does not have jurisdiction to entertain the instant petition pursuant to the savings clause of 28 U.S.C. § 2255(e), the Court recommends granting Respondent's motion to dismiss.

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California, serving a 180-month sentence imposed by the United States District Court for the Northern District of Texas after pleading guilty in 2008 to Felon in Possession of a Firearm

///

1

along with an Armed Career Criminal enhancement. (ECF No, 18 at 2).[1] On June 25, 2009, the Fifth Circuit dismissed Petitioner's appeal for lack of prosecution. (Id.). In September 2010, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the Northern District of Texas, which denied the motion in October 2012. (Id.).

On September 2, 2015, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1). On November 9, 2015, Respondent filed a motion to dismiss, arguing that § 2241 is not the proper vehicle for Petitioner's challenge to his sentence. (ECF No. 18 at 1). Petitioner has filed oppositions to the motion to dismiss. (ECF Nos. 23, 25).

## II.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864–65. The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

The burden is on the petitioner to show that the remedy is inadequate or ineffective. <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir. 1963).

A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." <u>Stephens</u>, 464 F.3d at 898 (citing <u>Ivy</u>, 328 F.3d at 1060). With respect to the second requirement, "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." <u>Ivy</u>, 328 F.3d at 1060. A federal prisoner may file a second or successive § 2255 motion if a panel of the appropriate court of appeals certifies that the second or successive motion contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

The instant petition raises a challenge to the sentence imposed by the United States District Court for the Northern District of Texas pursuant to <u>Johnson v. United States</u>, 135 S. Ct. 2552 (2015). On April 18, 2016, the Supreme Court held that <u>Johnson</u> announced a new substantive rule that has retroactive effect in cases on collateral review. <u>Welch v. United States</u>, 136 S. Ct. 1257, 1266 (2016). In light of <u>Welch</u>, Petitioner is not foreclosed from proceeding with a second or successive § 2255 motion if he receives authorization from the United States Court of Appeals for the Fifth Circuit to do so. <u>See</u> 28 U.S.C. § 2255(h). However, Petitioner has not yet requested, or been granted, permission from the Court of Appeals. As Petitioner has failed to show that the remedy under 28 U.S.C. § 2255 is inadequate or ineffective, he may not bring a § 2241 habeas petition under the savings clause of § 2255(e). Therefore, this Court lacks jurisdiction over the instant petition.

### III.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's Motion to Dismiss (ECF No. 18) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED.

///

1  This Findings and Recommendation is submitted to the assigned United States District 2 Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local 3 Rules of Practice for the United States District Court, Eastern District of California. Within 4 **THIRTY (30) days** after service of the Findings and Recommendation, any party may file 5 written objections with the court and serve a copy on all parties. Such a document should be 6 captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the 7 objections shall be served and filed within fourteen (14) days after service of the objections. The 8 assigned United States District Court Judge will then review the Magistrate Judge's ruling 9 pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within 10 the specified time may waive the right to appeal the District Court's order. Wilkerson v. 11 Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th 12 Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 5, 2016**          /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE